# Kimball *v.* Commonwealth Title Insurance and Trust Company, Appellant.

*Contract—Ground rent—Sale.*

In an action on a written contract of defendant to collect the proceeds of the sale of a ground rent, and pay same to plaintiff, it appeared that A sold to B a ground rent upon a lot on which was an unfinished house. B deposited the consideration money with the defendant, a trust company. It was agreed that A was to finish the house at his own expense, and that $1,000 should remain with the defendant until B should give directions to pay it to A. This was done to secure the performance of A's agreement to finish the house. In pursuance of the contract plaintiff to whom the ground rent had been conveyed by A assigned it to B. Plaintiff left the title papers with defendant which gave him an agreement to pay the proceeds of the ground rent to the plaintiff, less a certain sum to be applied to payment of a prior incumbrance. A failed to complete the house. B demanded the return of his money from the defendant. Defendant purchased from B the ground rent and all his interest in the funds in the defendant's hands, and subsequently completed the house at a cost exceeding the $1,000 sued for by plaintiff. *Held,* that an affidavit of defense alleging the above facts was sufficient to carry the case to a jury.

Argued Oct. 17, 1901.    Appeal, No. 119, Oct. T., 1901, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1900, No. 532, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of William S. Kimball v. The Commonwealth Title Insurance and Trust Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit to recover proceeds of ground rent.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Dimner Beeber* with him *Hampton L. Carson* and *J. Levering Jones,* for appellant.

*J. Campbell Lancaster,* with him *Charles E. Lex,* for appellee.

OPINION BY BEAVER, J., January 21, 1902:

The plaintiff claims to recover upon the following receipt or agreement in writing:

"PHILADELPHIA, November 28th, 1898.

"Received from William S. Kimball, Esq., the following title papers relating to ground rent—$120—out of premises No. 5222 Thompson St.:

"1. Original G. R. rent deed (counterpart).

"2. Recorder's receipt for deed Sherman to Kimball.

"3. Deed William S. Kimball to Reuben Haines.

"Proceeds of said ground rent, as assigned to Haines, to be paid to said Mr. Kimball, less $650, to be applied to payment of incumbrances."

From this agreement, in connection with the averments in the plaintiff's statement, it is clear (*a*) that Kimball received the ground rent from Sherman; (*b*) that, although claiming to be the owner, he assigned, not sold, it to Haines; (*c*) that proceeds of said ground rent as assigned to Haines were to be paid to Kimball, less amount to be applied to prior incumbrances.

The affidavit of defense, in connection with the agreement between Sherman and the Equitable Brick Manufacturing Company, Limited, of which Kimball was the president, sets forth in detail the agreement between Sherman and Kimball on the one hand and of Sherman and Haines for the purchase of the ground rent on the other. By the agreement with Haines, Sherman was to sell him a ground rent free of incumbrances upon an unfinished house and to allow him to retain $1,000 in his hands as a guarantee for the completion of the house. In the agreement between Sherman and Kimball it is expressly provided: "Should any of said ground rents be disposed of before the house upon which it is secured is completed, the said George W. Sherman shall procure a guarantee of completion by the said Commonwealth Title Insurance Company at his expense. All other expenses of transfer to investers, including broker's commissions, conveyancing expenses, etc., shall be borne by the said Kimball and Sherman in the proportion of their interests in said ground rent." The agreement to sell the ground rent to Haines was made subsequent to the agreement between Sherman and Kimball. It is, therefore, clear that Kimball's rights

as against Haines rise no higher than those of Sherman. If Haines were the defendant, the defense set up would be valid and sufficient.

Subsequent to the date of the receipt from the defendant to the plaintiff, defendant purchased from Haines " the said ground rent and also all his interest in the funds in the defendant's hands which were left to guarantee the completion of the building." There was nothing in the written receipt or agreement of the defendant to the plaintiff which prevented it from doing this. Having done so, the defendant succeeded to the rights of Haines. Whatever defense Haines could have set up to the payment of the balance of the ground rent as against the plaintiff, the defendant can set up under its receipt which provides that " The proceeds of said ground rent, as assigned to Haines, to be paid to said Kimball." Haines having retained $1,000 in his hands as a guarantee for the completion of the house and the defendant having expended more than that amount in its completion, there was nothing of the ground rent assigned to Haines due.

The defense does not, as alleged by the plaintiff, contradict the written paper which the defendant signed. It arose subsequent to the date of the paper and is not in any way contradictory of it.

Taking the plaintiff's statement and the affidavit of defense, with the copies of the written agreements thereto attached and assuming that all the averments therein contained are true, it seems to us clear that Haines would have had a good defense against Sherman, if the latter had claimed the $1,000 left in Haines's hands as a security for the completion of the house; and, inasmuch as the plaintiff and defendant stand toward each other in substantially the same relation as did Sherman and Haines, we think the affidavit sets forth a good and substantial defense. It is true that the particular property—5222 Thompson street—out of which the ground rent purchased by Reuben Haines issued, is not one of those mentioned in the agreement between Sherman and Kimball, as president of the Equitable Brick Company. The affidavit avers, however, that this particular property was substituted for one of the others under an arrangement of which the defendant has no knowledge. This is not as specific as it might be; but, inasmuch as that was a

transaction between Sherman and the plaintiff, and defendant has no certain means of ascertaining how it was done in advance, we do not think this should be regarded as a fatal defect.

Taking the case, as it is presented to us, if the facts developed in the trial sustain the averments in the affidavit of defense, we think they will raise a question which must be submitted to a jury. Judgment reversed and a procedendo awarded.